■ In the Matter of the Claim of JOANNA S. TEITELBAUM, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 625]—

Crew III, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance

benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant was employed as an account executive for the employer, a large conglomerate, a subsidiary of which manufactured and distributed fragrances, cosmetics and sundries that, in turn, were sold at duty-free shops in airports or on board select international flights. Following September 11, 2001, the employer's business declined, and claimant ultimately was terminated from her position in February 2003. Claimant thereafter applied for additional extended benefits under the Temporary Extended Unemployment Compensation Act of 2002 (*see* Pub L 108-11, 117 US Stat 559, 607 [hereinafter TEUC-A]). Although an Administrative Law Judge initially granted claimant's application, the Unemployment Insurance Appeal Board thereafter reversed, finding that claimant was not eligible for the extended benefits because her employer was neither a supplier nor an upstream producer for an airline; rather, the airlines in question "merely served as sales venues within the distribution network" of claimant's employer. This appeal by claimant ensued.

We affirm. In order to be eligible for benefits under TEUC-A, claimant was required to demonstrate, among other things, that she had a base period of employment "with an air carrier, [or] at a facility at an airport, or with an upstream producer or supplier for an air carrier" (Pub L 108-11, 117 US Stat 559, 607, § 4002 [a] [2] [A]). "[S]upplier," in turn, is defined as "a firm that produces component parts for, or articles and contract services considered to be a part of the production process or services for, another firm" (Pub L 108-11, 117 US Stat 559, 607, § 4002 [a] [5]). Although claimant argues that her employer may be deemed a supplier for an air carrier, the Board disagreed, finding that the employer did not qualify as a supplier within the meaning of the statute. In essence, the Board concluded that the connection between the products distributed by claimant's employer and the airline industry was too tenuous to support an award of extended benefits under TEUC-A. Based upon our review of the statute and the administrative record, we cannot say that the Board's determination in this regard is not supported by substantial evidence. Accordingly, the Board's decision is affirmed.

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.